UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RONALD WAYNE BEALL, | ) | |
| | ) | |
| Plaintiff, | ) | 3:11-cv-00890-RCJ-WGC |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| RENO POLICE DEPARTMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff is a prisoner proceeding *pro se* and has submitted a handwritten document entitled false charge of murder petition of writ of 1983 action lawsuit (ECF #1-1) apparently attempting to initiate a civil rights action pursuant to 42 U.S.C. § 1983, along with a handwritten document entitled motion to consider filing fee *in forma pauperis* (ECF #3). There are several critical deficiencies with plaintiff's attempted filing.

First, the Local Rules require plaintiffs appearing in *pro se*, such as this plaintiff, to file all of their applications to proceed *in forma pauperis* and complaints or petitions on the court's approved forms. LSR 2-1("[a] civil rights complaint filed by a person who is not represented by counsel shall be on the form provided by this court.").

Second, on at least three (3) occasions, the court has dismissed civil actions commenced by plaintiff while in detention for failure to state a claim upon which relief may be granted. Accordingly,

he may not proceed *in forma pauperis* before this court and instead must pay the full $350.00 filing fee in advance, unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Third, while it is difficult to discern plaintiff's allegations, he appears to seek to challenge his arrest and conviction for murder in 1991. However, when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of *habeas corpus*. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Mostly, however, plaintiff lists a litany of legal standards, states that he alleges § 1983 claims and state-law claims, and seeks a writ of mandamus, while including essentially no factual allegations. Accordingly, this action is dismissed with prejudice as factually frivolous. *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Finally, the court notes that plaintiff would appear to face statute of limitations problems with either habeas or § 1983 claims.[1]

**IT IS THEREFORE ORDERED** that plaintiff's motion to consider filing fee *in forma pauperis* (ECF #3) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice as factually frivolous.

**IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT** accordingly and close this case.

---

[1] While in some cases a litigant is entitled to equitable tolling, generally, a § 1983 action must be brought within two years (*see*, *e.g.*, *Wallace v. Kato*, 549 U.S. 384 (2007); Nev. Rev. Stat. 11.190(4)(e)), and a habeas action must be brought within one year (28 U.S.C. § 2244(d)).

DATED this 10th day of January, 2012.

_____
UNITED STATES DISTRICT JUDGE